David K. W. Wilson, Jr.
Robert M. Farris-Olsen
MORRISON, SHERWOOD, WILSON & DEOLA
401 North Last Chance Gulch
Helena, MT  59601
(406) 442-3261
(406) 443-7294 (Fax)
kwilson@mswdlaw.com
rfolsen@mswdlaw.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| JOELENE FREY,<br><br>        Plaintiffs,<br><br>   v.<br><br>TRANSUNION LLC; EQUIFAX INFORMATION SERVICES LLC; COMENITY BANK; FULLBEAUTY BRANDS OPERATIONS, LLC; and JOHN DOES 1-10,<br><br>        Defendants. | Cause No.: _____<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, Joelene Frey, and brings this cause of action for violations of the Fair Credit Reporting Act, and the Montana Consumer Protection Act.

## PARTIES

1.    Plaintiff, Joelene Frey is a resident of Pablo, Lake County, Montana.

2.    Defendant TransUnion LLC (TransUnion) is a foreign corporation duly authorized to do business in the State of Montana.

3.    Defendant Equifax Information Services LLC (Equifax) is a foreign corporation duly authorized to do business in the State of Montana.

4.    Defendant Comenity Bank is a Bank based in Delaware, it provides branded credit card services, for companies such as FULLBEAUTY Brands Operations, LLC.

5.    FULLBEAUTY Brands Operations, LLC, is a clothing company that operates under various brands, including Woman Within. It offers customers sales through its catalog. It is based in New York City, New York. For the purposes of this Complaint, FullBeauty will be referred to by its brand "Woman Within."

6.    Defendants John Does 1-10 are unknown individuals or entities that may have liability here.

## VENUE AND JURISDICTION

7.    Experian, TransUnion and Equifax are "consumer reporting agencies" as that term is defined by 15 U.S.C. § 1681a(f) of the Fair Credit Reporting Act. Comenity Bank is a "furnisher" of information, as that term is used at 15

U.S.C. § 1681s-2. This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Specifically, this Court has jurisdiction under 15 U.S.C. § 1681p. The Defendants are liable to the Plaintiffs pursuant to the provisions of the "Consumer Credit Protection Act of 1968," 15 U.S.C. § 1601, *et seq*. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202. Defendants are also liable to the Plaintiffs pursuant to the laws of the State of Montana, which claims may be brought under the pendant jurisdiction of this Court.

8.  Venue is proper in the Missoula Division, pursuant to Rule 3.2 (b), Local Rules of Procedure and § 25-2-122, MCA in that the Plaintiffs reside in, and Defendants do business in the Missoula Division.

## FACTS

9.  On or about September 2, 2022, Ms. Frey ordered three pairs of Jeans from Woman Within. She received them on or about September 13, 2022, via USPS.

10. The purchase price of the jeans was $103.96, which included shipping.

11. Ms. Frey paid for the jeans using a Comenity Bank credit card offered through Woman Within. The charge appeared on Ms. Frey's billing statement that

3

closed on September 16, 2022, and the payment was due on or before October 11, 2022.

12. Unfortunately, the jeans did not fit, and on or about October 2, 2022, Ms. Frey returned the jeans using the return label that was provided by Woman Within.

13. On or about October 12, 2022, Ms. Frey received an email confirmation that Woman Within had received the jeans.

14. Five days later, on or about October 17, 2022, her Comenity Bank credit card monthly billing period ended, and Comenity Bank sent her the statement showing what she allegedly owed.

15. On the October 17, 2022, billing statement, Comenity Bank continued to charge her the $103.96 for the jeans that had already been returned to Woman Within. It also charged a late fee of $30.00 and interest of $2.77. This raised her total allegedly due to $136.73.

16. After receiving the statement, and on or about October 26, 2022, Ms. Frey called Woman Within and was told that on the next statement, the only charge that should be showing was the $25 return fee, which represented the shipping costs.

17. However, when Ms. Frey received the billing statement for November 2022, it did not reflect the return. Instead, she was charged another late fee of

$37.00 and interest of $3.58. Her new amount allegedly due was $177.31. Ms. Frey received the statement on or about November 20, 2022.

18. In response, on or about November 28, 2022, Ms. Frey submitted a dispute to Comenity Bank's dispute department, as well as a check for $25.00.

19. In response, Comenity Bank sent Ms. Frey a letter advising her that it was investigating her dispute, and she would not be charged fees or interest during the investigation.

20. Thereafter, Ms. Frey called again on or about December 7, 2022, and was advised that she would receive an $83.97 credit on her account., which would leave $19.99 owing.

21. This refund was reflected on her December 16, 2022, statement. However, she was still charged $41.00 as a late fee, and $2.52 in interest.  And, despite the refund, she still owed $136.86.

22. The January 17, 2023, billing statement reflected a $25.00 payment, but again charged Ms. Frey for a $41.00 late fee, and $2.04 in interest. This raised her alleged amount due to $154.90.

23. Between December and January, Ms. Frey attempted to call Woman Within multiple times, without success.

24. Ms. Frey sent a check for $154.90 to Comenity Bank on February 1, 2023, but later stopped payment on the check out of frustration with the Bank's wrongful actions.

25. Ms. Frey finally reached a Woman Within representative, by phone, on or about February 6, 2023.

26. During that call, Ms. Frey was advised that after receiving her dispute, Comenity Bank did not, in fact, begin investigating her claims until January 21, 2023.

27. On Ms. Frey's February statement, Comenity Bank charged Ms. Frey $30.00 for the returned check, and another $3.69 in interest. This raised her total to $188.59.

28. And on her March statement, Ms. Frey was charged another late fee of $30.00 and interest of $5.03, thus bringing her total allegedly due to $223.52.

29. Ultimately, on or about April 24, 2023, Ms. Frey paid $270.39 to Comenity Bank, which was the amount purportedly then due.

30. On her May statement, though, Comenity Bank charged Ms. Frey $2.00 in interest, while recognizing that she had paid her balance down to $0. Presumably, Comenity Bank will now charge another late payment of up to $41.00 if the $2.00 is not paid.

31.     In all, Ms. Frey paid nearly $300 to Comenity Bank, all but $20 of which was interest or late fees. Of that amount, approximately $152 was late fees, and about $25 was interest.

32.     As a result of these alleged delinquencies, Comenity Bank reported Ms. Frey as delinquent to the three major credit reporting agencies – Trans Union, Experian and Equifax (collectively the "CRAs"). Based on that reporting, Ms. Frey's credit score dropped from above 800 to 679 between October and December 2022.

33.     Based on the negative credit reporting, Ms. Frey disputed the reporting on or about May 9, 2023. Each of the CRAs received the disputes on or about May 12, 2023.

34.     In her disputes, Ms. Frey outlined the errors made by Comenity Bank and Woman Within and requested that the CRAs correct her reports to show her as not having any delinquencies.

35.     On information and belief, in response to the disputes, the CRAs forwarded the disputes to Comenity Bank as a furnisher. Comenity Bank then improperly confirmed that the information contained in the reports was accurate for Ms. Frey's reports.

36.     On information and belief, the CRAs did not investigate the dispute outlining why the reporting was inaccurate, or incorrect. Had they done so, they would have confirmed Ms. Frey's complaints.

37.     Each of the CRAs responded. TransUnion responded by letter dated May 20, 2023, and did not update the tradeline. It continues to show Ms. Frey as delinquent from November 2022 through April 2023.

38.     Experian responded on or about May 2023, and noted that the debt with Comenity Bank was not listed and reported that it had no information regarding the debt.

39.     Equifax responded on or about May 21, 2023, but continued to report Ms. Frey as delinquent from December 2022 through April 2023.

40.     As a result of the Defendants actions, Ms. Frey has been damaged. Namely, she unnecessarily paid nearly $300 in late fees and interest, paid various amounts for mailings, and her credit score dropped by approximately 120 points.

41.     Ms. Frey also suffered emotional distress, mental anguish, and loss of quality of life as a result of the Defendants actions. She has had to hire counsel to pursue this matter.

### *CAUSES OF ACTION AGAINST DEFENDANT WOMAN WITHIN*
### Count One – Consumer Protection Act

42. The preceding paragraphs are realleged as though set forth in full hereunder.

43. Ms. Frey is a "consumer" under the MCPA.

44. Woman Within was engaged in "trade or commerce."

45. Woman Within acts and/or practices were unfair and/or deceptive in violation of § 30-14-103, MCA and Admin R. Mont. 23.19.101. The acts or practices include, but are not limited to,

        a. Failing to timely process returned items; and,

        b. Failing promptly refund the money to Ms. Frey's credit card;

46. As a result of Woman Within's actions, Ms. Frey suffered an ascertainable loss of money or property, including the late fees and interest, lost time, costs of postage and other incidental expenses, and damage to her credit score.

47. As a result of the Woman Within's actions, Ms. Frey suffered damages including the late fees and interest, lost time, costs of postage and other incidental expenses, damage to her credit score and emotional distress, mental anguish and loss of quality of life.

48. Woman Within is liable for Plaintiffs' actual or statutory damages, treble damages, and attorneys' fees.

## *CAUSES OF ACTION AGAINST COMENITY BANK*
### Count Two – Montana Consumer Protection Act

49. The preceding paragraphs are realleged as though set forth in full hereunder.

50. Ms. Frey is a "consumer" under the MCPA.

51. Comenity Bank was engaged in "trade or commerce."

52. Comenity Bank's acts and/or practices were unfair and/or deceptive in violation of § 30-14-103, MCA, and Admin. R. M. 23.19.101. They include, but are not limited to,

　　　　a. Failing to apply the refund in a timely manner;

　　　　b. Charging late fees and interest on an amount that was refunded;

　　　　c. Charging unreasonably high and inappropriate late fees

53. As a result of Comenity Bank's actions, Ms. Frey suffered an ascertainable loss of money or property, including the late fees and interest, lost time, costs of postage and other incidental expenses, and damage to her credit score.

54. As a result of the Comenity Bank's actions, the Ms. Frey suffered damages including the late fees and interest, lost time, costs of postage and other incidental expenses, damage to her credit score and emotional distress, mental anguish and loss of quality of life.

55.    Comenity Bank is liable for Plaintiff's actual or statutory damages, treble

damages, and attorney's fees.

### Count Three – Negligent and/or Willful Violations of the
### Fair Credit Reporting Act

56.    The preceding paragraphs are realleged as though set forth in full hereunder.

57.    After receiving a consumer dispute from a consumer reporting agency, a

creditor or furnisher of information must conduct a reasonable investigation

into the matters disputed, and correct the reports made to credit reporting

agencies to ensure that the information on the consumer's report is accurate.

15 U.S.C. § 1681s(2)(B).

58.    Following disputes by the Plaintiff, TransUnion and Equifax conveyed Ms.

Frey's disputes to Comenity Bank by computer or otherwise. Comenity Bank

failed to conduct a reasonable reinvestigation of the Plaintiff's account, failed

to change its reports, and continued to inaccurately report the Comenity Bank

accounts to the CRAs.

59.    Comenity Bank is liable to Ms. Frey for damages and attorney fees under 15

U.S.C. § 1681n and/or § 1681o.

## *CAUSES OF ACTION AGAINST TRANSUNION AND EQUIFAX*
## <u>Count Four - Violations of the Fair Credit Reporting Act</u>

60.     The preceding paragraphs are realleged as though set forth in full hereunder.

61.     Defendants TransUnion and Equifax (the CRAs) have violated 15 U.S.C. § 1681i of the Fair Credit Reporting Act by negligently and/or willfully failing to perform a reasonable investigation of the Plaintiffs' disputes of the inaccurate Comenity Bank reporting on their credit reports, despite abundant proof provided by Plaintiff accompanying the dispute correspondence.

62.     The CRAs also willfully and/or negligently violated 15 U.S.C. § 1681e (b) of the Fair Credit Reporting Act by failing to maintain reasonable procedures to assure maximum possible accuracy of the credit reports that they generated regarding the Plaintiffs.

63.     Pursuant to 15 U.S.C. § 1681o of the Fair Credit Reporting Act, the CRAs actions in negligently violating the Fair Credit Reporting Act entitle the Plaintiffs to recovery for their actual damages as well as attorneys' fees and costs.  In addition, the CRAs actions in willfully violating the Fair Credit Reporting Act entitle the Plaintiff to the recovery of actual damages, punitive damages, attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.

64.     The CRAs also maliciously and/or willfully defamed the Plaintiffs by their continued publications of the erroneous and derogatory information to third

parties after it knew or should have known that Comenity Bank was incorrectly reporting the debt.

65. The CRAs' actions and omissions are evidence of their recklessness, gross negligence, and wanton disregard for the Plaintiffs' rights, personal and financial safety, credit reputation and good name, as well as their emotional well-being.

### CAUSES OF ACTION AGAINST ALL DEFENDANTS
### Count Five – Punitive Damages

66. The preceding paragraphs are realleged as though set forth in full hereunder.

67. As a result of TransUnion, Equifax and Comenity Bank's violations of the Fair Credit Reporting Act and their malicious defamations of the Plaintiff's good name, the Plaintiff is entitled to an award of punitive damages under the FCRA.

68. All Defendants acted with actual fraud and actual malice towards Ms. Frey as laid out hereinbefore. The facts warrant punitive damages under §§ 27-1-220 and -221, Mont. Code Ann.

### PRAYER FOR RELIEF

WHEREFORE, The Plaintiffs pray for the following relief:

1.    For actual damages;

2.    For attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n, 15 U.S.C. § 1681o, and § 30-14-133, Mont. Code Ann.

3.      For treble damages pursuant to § 30-14-133, Mont Code Ann.

4.      For punitive damages, pursuant to 15 U.S.C. 1681n and §§ 27-1-220 and -221, Mont. Code Ann.;

5.      For any applicable statutory damages; and,

6.      For such other and further relief as the Court deems just and proper.


### DEMAND FOR JURY TRIAL

Pursuant to Rule 38, F. R. Civ. P., Plaintiffs hereby demand a trial by jury of the issues triable by right by jury.

DATED this 25th day of August, 2023.

By:  /s/ Robert Farris-Olsen
        Robert Farris-Olsen
        Morrison, Sherwood, Wilson & Deola PLLP
        *Attorneys for Plaintiff*